**FILED**
**SEP 11 2009**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Hawa Construction, LLC )
    6350 Crooked Oak Lane )
    Falls Church, Virginia 22042 )
)
        Plaintiff, )
)
v. )
) Civil Action No. _____
Richard M. Pollock )
    2414 Tracy Place NW ) Case: 1:09-cv-01728
    Washington, D.C. 20008 ) Assigned To : Collyer, Rosemary M.
) Assign. Date : 9/11/2009
        Defendant. ) Description: Contract
_____)

## COMPLAINT

COMES NOW Plaintiff Hawa Construction, LLC, by counsel, and for its Complaint against Defendant Richard M. Pollock alleges as follows:

### PARTIES

1. Plaintiff Hawa Construction, LLC ("Plaintiff" or "Hawa") is a limited liability company organized and existing under the laws of Virginia with its principal office and place of business located at 6350 Crooked Oak Lane, Falls Church, Virginia 22042.

2. Upon information and belief, Defendant Richard M. Pollock ("Defendant" or "Pollock") is an individual who resides at 2414 Tracy Place NW, Washington, D.C. 20008.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 as there is complete diversity between the Plaintiff and the Defendant and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because the Defendant resides in the District of Columbia, a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia and the property that is the subject of the action is situated in the District of Columbia.

## GENERAL ALLEGATIONS

5. On or about March 18, 2008, Hawa and Pollock executed a contract (the "Contract"), pursuant to which Hawa was to provide general contracting services to Pollock on the construction and renovation project located at 2414 Tracy Place, Washington, D.C. 20008 (the "Project"). A true and accurate copy of the Contract is attached hereto has **Exhibit A**.

6. Pursuant to the terms and conditions of the Contract, Hawa agreed to perform the scope of work provided for in the Bid Documents, subject to the Contract's specified conditions, qualifications and exclusions, for the sum of Two Million One Hundred Twenty-Nine Thousand Fifty-Seven Dollars and 00/100 ($2,129,057.00) (the "Contract Value").

7. Pursuant to the terms and conditions of the Contract, the Contract Value was subject to upward and/or downward adjustments for certain allowances specified in the Contract.

8. Pursuant to the terms and conditions of the Contract, interest, at a rate of one and one-half percent (1½ %) per month, shall be applied to payments not received by Hawa within thirty (30) days from the payment due date.

9. Pursuant to the terms and conditions of the Contract, Pollock shall pay all reasonable attorneys' fees and court costs incurred by Hawa in enforcing its rights under the Contract.

10. During the course of the Project Pollock directed Hawa and its subcontractors to perform additional work outside of the scope of work required by the Contract (referred to herein as "Extra Work").

11. During the course of the Project Pollock directed Hawa and its subcontractors to perform work that constituted a change to the scope of work required by the Contract (referred to herein as "Changed Work").

12. As a direct result of the Extra Work and Changed Work Pollock directed Hawa to perform, Hawa incurred increased costs and time to complete the Project.

13. Hawa submitted numerous change order requests to Pollock, seeking payment for the additional costs to complete the Extra Work and Changed Work.

14. The adjusted Contract Value, accounting for all change orders, pending change order requests, allowances and credits is Two Million Five Hundred Seventy-Two Thousand Fifty-One Dollars and 02/100 ($2,572,051.02) (the "Adjusted Contract Value").

15. Pollock has paid Hawa a total of One Million Nine Hundred Three Thousand Four Hundred Five Dollars and 00/100 ($1,903,405.00). Six Hundred Sixty-One Thousand Three Hundred Eight Dollars and 86/100 ($661,308.86) remains due and owing Hawa for work performed on the Contract, for which Pollock has refused and failed to pay.

16. From October 2008 through the present, Pollock has refused to make payment in full to Hawa for amounts due and owing for work performed by Hawa on the Project.

17. From October 2008 through the present, Hawa has repeatedly requested that Pollock pay the amounts due and owing for the work performed by Hawa on the Project.

18. On or about June 10, 2009, Hawa provided Pollock with written notice (the "June 10, 2009 Letter") that it would suspend work on the Project on June 17, 2009 unless payment in full for the outstanding amounts due was received.

19. On or about June 17, 2009, Hawa suspended work on the Project due to Pollock's failure to pay the outstanding amounts due.

20. As of the date of the filing of this Complaint, Pollock has not made any payment to Hawa since the issuance of the June 10, 2009 Letter.

## COUNT I
### (Breach of Contract)

21. Hawa incorporates by reference the allegations contained within Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Hawa fully and completely performed all of its obligations under the Contract.

23. Pollock materially breached the Contract by failing to make payment to Hawa for work performed on the Project, as required by the terms of the Contract.

24. As a direct and proximate result of such breach, Hawa has been damaged in the amount of $661,308.86, plus interest and attorneys' fees.

## COUNT II
### (Enforcement of Mechanic's Lien Pursuant to D.C. Code §40-303.08)

25. Hawa incorporates by reference the allegations contained within Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. On or about March 18, 2008, Hawa and Pollock executed the Contract, pursuant to which Hawa was to provide general contracting services to Pollock on the Project, located at 2414 Tracy Place, Washington, D.C. 20008.

27. Hawa completed furnishing labor, materials and construction management on the Project on June 17, 2009.

28. On July 28, 2009, Hawa filed a Notice of Mechanic's Lien in the amount of $806,564.36 with the District of Columbia Office of Tax and Revenue against the Project property located at 2414 Tracy Place NW, Washington, D.C. 20008, Square 2505, Lot 57. A true and accurate copy of the Notice of Mechanic's Lien is attached hereto as **Exhibit B**.

29. On July 28, 2009, Hawa served on Pollock a copy of the Notice of Mechanic's Lien described in Paragraph 28 above via certified mail, return receipt requested.

30. Hawa has reduced the amount claimed against Pollock subsequent to the filing of the Notice of Mechanic's Lien based upon additional information and documentation received by Hawa concerning certain credits and allowance adjustments. As a result, the amount owed by Pollock for the work performed by Hawa pursuant to the Contract has been amended to $661,308.86, plus interest, attorneys' fees and costs allowed pursuant to the terms and conditions of the Contract.

## COUNT III
### (Civil Recovery for Dishonored Check Pursuant to D.C. Code § 28-3152)

31. Hawa incorporates by reference the allegations contained within Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. On or about April 21, 2009, Pollock issued a check (the "Check") to Hawa in the amount of Seventy Thousand Dollars and 00/100 ($70,000.00) as payment in part for work Hawa performed on the Project. A true and accurate copy of the check is attached hereto as **Exhibit C**.

33. The Check is identified as check No. 6630, issued from an account drawn on Wachovia Bank, N.A., and identifying the drawer as Richard M. Pollock ("Drawer"), the Defendant in this action.

5

34. On or about June 25, 2009, Hawa attempted to deposit and/or cash the Check at a SunTrust Bank branch.

35. On or about June 30, 2009, SunTrust Bank notified Hawa that the Check was returned to SunTrust unpaid, and that the amount of the check had been deducted from Hawa's SunTrust account.

36. The justification SunTrust provided for the return of the Check unpaid was "Not Sufficient Funds."

37. Upon information and belief, when Pollock issued the Check to Hawa, Pollock knew or should have known that the Check would be refused by the drawee bank or other depository.

38. On or about July 8, 2009, subsequent to the date that Hawa received notice that the Check had been dishonored, Hawa sent written demand for payment to the last known address of Pollock via certified mail, return receipt requested with delivery restricted to Drawer, and further sent an additional copy to Drawer via U.S. First-Class Mail. A true and accurate copy of this demand for payment is attached hereto as **Exhibit D**.

39. Drawer Pollock did not make payment to Hawa of the face amount of the Check within thirty (30) days following the date that the written demand for payment described in Paragraph 38 above was mailed.

## COUNT IV
### (In the Alternative, Quantum Meruit / Unjust Enrichment)

40. Hawa incorporates by reference the allegations contained within Paragraphs 1-4, 10-13, 16-20 and 32-39 of this Complaint as if fully set forth herein.

41. In the event that the Court determines that any of the work, services or materials furnished by Hawa to Pollock during the construction of the Project is outside of that which was

required by the Contract, or in the event that the Court determines that the Contract or any part thereof is unenforceable, or for any other reason Hawa is unable to maintain its action based upon breach of contract, then Hawa seeks payment for such work, services and materials performed on or provided to the Project on the basis of quantum meruit and/or unjust enrichment.

42.   At the request of and for the benefit of Pollock, Hawa furnished work, services and materials to Pollock for construction of the Project.

43.   At all times relevant hereto, Pollock knew or was aware that Hawa was furnishing work, services, and materials to Pollock for construction of the Project.

44.   The work, services and materials Hawa provided for construction of the Project directly benefited Pollock.

45.   Hawa submitted requisitions for payment to Pollock and Pollock was reasonably notified and therefore knew or should have known that Hawa, in providing the work, services and materials requested, expected to be paid by Pollock.

46.   Hawa conferred a substantial benefit upon Pollock by supplying the work, services and materials requested by Pollock and is entitled to be compensated for the reasonable value thereof.

47.   Despite Hawa's requests and demands for payment, Pollock has not paid Hawa the entire fair value of the work, services and materials provided, that fair value being not less than $661,308.86 above amounts already paid, the exact amount of which is to be proven at trial.

48.   Absent full payment to Hawa on account of the work, services and materials provided to the Project, Pollock will have been unjustly enriched by an amount not less than $661,308.86, the exact amount of which is to be proven at trial.

## COUNT V
### (Breach of Implied Duty of Good Faith and Fair Dealing)

49. Hawa incorporates by reference the allegations contained within Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The Contract is governed by an implied covenant of good faith and fair dealing.

51. Pollock has materially breached the covenant of good faith and fair dealing implied in its Contract in at least the following ways:

 a. Pollock has failed and refused to administer the Contract in accordance with its terms and in accordance with the standard for good faith and fair dealing;

 b. Pollock has requested disbursement of construction loan funds, and received such funds, from First Savings Mortgage Corporation (the "Bank") based on representations Pollock has made to the Bank concerning the level of completion of the Project and the total value of the Contract, while failing to pay Hawa the total amount due for work performed on the Project;

 c. Pollock directed Changed Work and Extra Work and has failed and/or refused to pay for such work;

 d. Pollock issued a check to Hawa that was dishonored for insufficient funds;

 e. Pollock has failed to negotiate disputes in good faith;

 f. Pollock has directly, intentionally and knowingly contacted Hawa's subcontractors in interference of Hawa's contractual relationships with its subcontractors; and

  g. Pollock has failed to make payments due under the Contract in a timely manner.

52. As a consequence of Pollock's breach of the covenant of good faith and fair dealing implied in the Contract, Hawa is suffering and will continue to suffer substantial harm, including increased costs to enforce its right to the payment due Hawa for work performed on the Project.

## PRAYERS FOR RELIEF

WHEREFORE, Hawa respectfully prays that this Honorable Court award Hawa Construction, LLC the following relief:

  a. As to Count I, that judgment be entered for Plaintiff Hawa Construction, LLC in the amount of at least $661,308.86, or such other amount as is proven at trial, plus interest, attorneys' fees, costs and such other and further relief as this Court may deem just and proper; and

  b. As to Count II, that judgment be entered for Plaintiff Hawa Construction, LLC, such that Defendant Pollock's interest in the Premises be sold and the proceeds of the sale be applied to the satisfaction of the Notice of Mechanic's Lien, but not to exceed the amount of $661,308.86, or such other amount as is proven at trial, plus interest, attorneys' fees, costs and such other and further relief as this Court may deem just and proper; and

  c. As to Count III, that judgment be entered for Plaintiff Hawa Construction, LLC in the amount of at least $70,000.00, or such other amount as is proven at trial, plus attorneys' fees and costs pursuant to statute, and such other and further relief as this Court may deem just and proper; and

d.      As to Count IV, in the alternative to the relief requested in Count I, that judgment be entered for Plaintiff Hawa Construction, LLC in the amount of at least $661,308.86, or such other amount as is proven at trial, plus interest, attorneys' fees, costs and such other and further relief as this Court may deem just and proper; and

e.      As to Count V, that judgment be entered for Plaintiff Hawa Construction, LLC in the amount of at least $661,308.86, or such other amount as is proven at trial, plus interest, attorneys' fees, costs and such other and further relief as this Court may deem just and proper; and

f.      Granting such other relief as the Court deems just and equitable.

Hawa demands a jury trial on all issues pursuant to Federal Rule of Civil Procedure 38.

Dated: September 11, 2009

Respectfully submitted,

HAWA CONSTRUCTION, LLC

*/s/ Arnie B. Mason*
Arnie B. Mason, Esq.
D.C. Bar No. 481084
**WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.**
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8039 (facsimile)

*Counsel for Plaintiff*