## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAWA CONSTRUCTION, LLC, )<br><br>Plaintiff-Counterdefendant, )<br><br>v. )<br><br>RICHARD M. POLLOCK, )<br><br>Defendant-Counterclaimant. ) | Civil Action No.  09-1728 (RMC) |

### MEMORANDUM OPINION

This dispute arises from Hawa Construction, LLC's renovation of Richard M. Pollock's residence in Washington, D.C.[1] Pending before the Court is Hawa Construction's motion to dismiss Count I of Mr. Pollock's counterclaim [Dkt. # 9], which seeks disgorgement of $205,646 paid to Hawa Construction for change orders requested by Mr. Pollock and performed by Hawa Construction but not reduced to writing as required by District of Columbia home improvement regulations.[2] For the reasons explained herein, the motion will be granted.

### I.  FACTS[3]

Mr. Pollock engaged the services of Hawa Construction to renovate and expand his residence located in Northwest Washington, D.C.  The parties entered into a written contract whereby Hawa Construction would perform the renovation work for $2,129,057.

---

[1] The Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

[2] All parties agree that District of Columbia law applies.

[3] The facts are taken from Mr. Pollock's counterclaim [Dkt. # 4] and are assumed to be true.

Hawa Construction began work on the project in February 2008.  Thereafter Mr. Pollock considered requesting change orders to the specifications of the work and inquired whether such contemplated change orders would cause him to incur additional costs.  When Hawa Construction responded that Mr. Pollock's contemplated change orders would not increase the total cost of the project, Mr. Pollock requested the change orders to the specifications of the work, and Hawa Construction performed the change orders.

During the course of performance of the contract, Hawa Construction submitted nine payment applications to Mr. Pollock and Mr. Pollock paid Hawa Construction a sum of $1,903,405.07.  After having done so, on June 4, 2009, Hawa Construction informed Mr. Pollock that several subcontractors were owed substantial amounts of money for work they had performed on the project, which surprised Mr. Pollock because he believed that Hawa Construction had fully paid all subcontractors from the monies he paid to Hawa Construction.[4]  On June 17, 2009, Hawa Construction abandoned the project.  Thereafter Mr. Pollock paid the subcontractors a sum of $69,815.84.

Of the $1,903,405.07 that Mr. Pollock paid Hawa Construction, $205,646 was for the work associated with change orders # 1 through # 13, which Hawa Construction submitted in writing to Mr. Pollock on June 17, 2009, after the work had been completed.  Mr. Pollock never signed change orders # 1 through # 13.  In Count I of his counterclaim, Mr. Pollock alleges that change orders # 1 through # 13 are void and unenforceable under the District of Columbia's home improvement regulations because they were not approved by him in writing, and he seeks

_____

[4] In each payment application Hawa Construction certified under oath that "all amounts have been paid by the contractor for work which previous Certificates for Payment were issued and payments received from the Owner."  Countercl. ¶ 12.

disgorgement of the $205,646 that he paid Hawa Construction for work associated with those change orders.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.*  Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3.  "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555.  But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 1950.

## III.  ANALYSIS

In Count I of his Counterclaim, Mr. Pollock alleges that Hawa Construction violated Section 808.13 of title 16 of the District of Columbia Municipal Regulations, which provides that "[t]here shall be no change in specifications [of home improvement contracts] without the written approval of the homeowner."  16 DCMR § 808.13.  This is so, Mr. Pollock argues, because he never approved change orders # 1 through # 13 in writing.  *See* Countercl. ¶ 35.

The Court agrees that the regulation requires the homeowner's written approval to changes in specifications of home improvement contracts.  However, because Hawa Construction had fully performed the work associated with the requested change orders, Section 808.13 does not operate to retroactively invalidate the executed oral agreement changing the specifications of the work.  *See Thompson v. Wolfrey*, 483 A.2d 636, 638 (D.C. 1984).  In *Thompson*, the homeowner argued that the contractor's failure to put in writing the terms of their contract violated Section 808.1 of title 16 of the District of Columbia Municipal Regulations, which provides that "[n]o home improvement contractor . . . shall accept any payment for home improvement work to be performed for a homeowner until after the understanding between the homeowner and contractor . . . has been reduced to writing . . . ."  16 DCMR § 808.1.  In rejecting that argument, the District of Columbia Court of Appeals reasoned that "[w]e agree that the regulation requires such contracts to be in writing" but "because appellee Wolfrey had fully performed his part of the contract before filing suit, we hold that the regulation does not prevent Wolfrey from recovering what Thompson owes him."  *Thompson,* 483 A.2d at 637.  The court explained:

-4-

> Wolfrey's claim against Thompson was not predicated on "home improvement work to be performed" but rather on work already completed.   Wolfrey had fully performed under the oral contract, therefore section [808.1] does not render the oral contract unenforceable, and the trial court committed no error in entering a $300 money judgment in his favor.

*Id.* at 638.   The court found that the writing requirement in the home improvement regulations "is akin to a statute of frauds."   *Id.* at n.6.   "Courts have repeatedly reiterated that the Statute of Frauds only applies to executory, as distinguished from executed contracts; if an oral contract, otherwise within the Statute, is completely executed or performed, it is taken out of the operation of the Statute."   *Id.* (quotation marks and citations omitted).   "Under the same principle, appellee Wolfrey's performance of the contract in this case took it out of the operation of section [808.1] of the regulations."   *Id.*

Mr. Pollock argues that the fact that Hawa Construction fully performed his requested change orders does not prevent him from stating a claim for Hawa Construction's violation of Section 808.13.   *See* Opp'n to Mot. to Dismiss [Dkt. # 15] at 9.   However, the District of Columbia Court of Appeals specifically rejected the argument that the writing requirement in the home improvement regulations could be used defensively as a shield in an action to enforce an executed oral home improvement contract.   *See Thompson*, 483 A.2d at 637-38.   That being the case, the Court cannot agree that Mr. Pollock can affirmatively use the writing requirement in the home improvement regulations as a sword to compel Hawa Construction to disgorge monies paid to it for having performed oral change orders requested by him.   Mr. Pollock's attempt to do so is contrary to the principle that a statute of frauds, which Section 808.13 is akin to, is not normally a source for affirmative relief.   *See District of Columbia Hous. Fin. Agency v. Harper*, 707 A.2d 53, 56 n.5 (D.C.

1998) (noting that "the statute historically was intended to be used as a defense rather than as a basis for affirmative relief"); *Tauber v. District of Columbia*, 511 A.2d 23, 27 n.11 (D.C. 1986) ("We also note that the statute's intended use is as a defense rather than a basis for affirmative relief."); *Hackney v. Morelite Constr.*, 418 A.2d 1062, 1066 (D.C. 1980) ("The statute's intent was not to invalidate any oral agreement in one of the enumerated classes, but merely to suspend its enforcement until the statute is satisfied by the reduction of it to writing.") (quotation marks and citation omitted).  Because Mr. Pollock is attempting to use what is at bottom a statute of frauds to affirmatively invalidate an executed contract, Count I of his counterclaim fails to state a claim upon which relief can be granted, and will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Hawa Construction's motion to dismiss Count I of Mr. Pollock's counterclaim [Dkt. # 9].  A memorializing Order accompanies this Memorandum Opinion.

Date: December 18, 2009                              /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge